Margaret Rosenthal, SBN 147501
Vartan S. Madoyan, SBN 279015
Matthew J. Goodman, SBN 316286
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:  310.820.8800
Facsimile:  310.820.8859
*Email:*     mrosenthal@bakerlaw.com
             vmadoyan@bakerlaw.com
             mgoodman@bakerlaw.com

*Attorneys for Defendant*
NATIONAL AVC, LLC DBA THRIVE PET HEALTHCARE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA OLSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL AVC, LLC DBA THRIVE PET HEALTHCARE, a limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'22CV1393 L    AGS**<br><br>*[San Diego County Superior Court Case No. 37-2022-00030058-CU-OE-CTL]*<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>*[Filed concurrently with Civil Case Cover Sheet; and Notice of Interested Parties]*<br><br>Action Filed:  July 29, 2022 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant NATIONAL AVC, LLC ("National AVC"), removes the action filed by Chelsea Olsen ("Plaintiff") in the Superior Court of the State of California in and for the County of San Diego, captioned *Chelsea Olson v. National AVC, LLC DBA Thrive Pet Healthcare,* Case No. 37-2022-00030058-CU-OE-CTL.

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446, because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Specifically, the United States District Court for the Southern District of California embraces San Diego County, California, which is the location of the state court in which Plaintiff brought this case and where it is pending. Thus, this Court is the proper district court to which this case has been removed. 28 U.S.C. §§ 1441(b) and 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL
## PROCEDURAL BACKGROUND

3. On July 29, 2022 Plaintiff filed a civil action in the Superior Court of the State of California in and for the County of San Diego, entitled *Chelsea Olson v. National AVC, LLC DBA Thrive Pet Healthcare,* Case No. 37-2022-00030058-CU-OE-CTL (the "State Court Action").

4. On August 15, 2022, Plaintiff served National AVC with copies of the Summons, Complaint and related State Court documents. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and all additional process,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

pleadings, and orders served upon National AVC are attached to this Notice of Removal as **Exhibit "A"**.

5. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because it was filed within 30 days of receipt of a copy of the Summons and Complaint in the State Court Action.

6. National AVC filed and served its Answer in the State Court Action on September 9, 2022. A true and correct copy of National AVC's Answer is attached as **Exhibit "B"**.

## CAFA JURISDICTION

1. <u>Basis of Original Jurisdiction</u>. This Court has original jurisdiction of this action under CAFA. 28 U.S.C. § 1332(d)(2) and (4) provide that a district court shall have original jurisdiction of a class action with one hundred (100) or more putative class members, in which the matter in controversy, in the aggregate, exceeds the sum or value of $5 million. 28 U.S.C § 1332(d)(2) further provides that any member of the putative class must be a citizen of a state different from any defendant.

2. As set forth below, pursuant to 28 U.S.C. § 1441(a), National AVC may remove the State Court Action to federal court under CAFA because: (i) the amount in controversy, in the aggregate, exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) this action is pled as a class action and involves more than one hundred (100) putative class members; and (iii) members of the putative class are citizens of a state different from National AVC.

## DIVERSITY OF CITIZENSHIP

3. <u>Plaintiff's Citizenship</u>. As alleged in the Complaint, Plaintiff is a resident of the State of California. (Compl. ¶ 7). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie

evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer,* 19 F. 3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

4. <u>National AVC, LLC's Citizenship</u>. For CAFA diversity purposes, a limited liability company is deemed to be a citizen of the state where it is organized and the state where it has its principal place of business. 28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of Georgia*, 591 F.3d 698, 704 (4th Cir. 2010) (holding that a limited liability company is considered an "unincorporated association" under Section 1332(d)(10) for purposes of CAFA removal); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714-15 (N.D. Cal. 2021) (same); *Ramirez v. Carefusion Res., LLC*, Case No. 18-cv-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (same). National AVC is organized under the laws of the State of Delaware. National AVC's principal place of business and corporate headquarters are in Austin, Texas, where its officers direct, control, and coordinate corporate activities. Thus, for purposes of CAFA, National AVC, as a limited liability company, is a citizen of Delaware and Texas.

5. <u>Doe Defendants</u>. Although Plaintiff has also named fictitious defendants "DOES 1 through 50," 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

6. <u>Minimal Diversity</u>. CAFA requires only minimal diversity, which exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Minimal diversity of citizenship is established here, inasmuch as Plaintiff (who is a member of the putative class) is a citizen of the State of California, and National AVC is a citizen of Delaware and Texas. Therefore, at least one plaintiff is a citizen of a different state than at least

one defendant, satisfying CAFA's minimal diversity requirement.  28 U.S.C. § 1332(d)(2)(A).

7. <u>Size of the Putative Class</u>.  Plaintiff asserted the State Court Action as a class action.  Plaintiff seeks to represent a class of "[a]ll persons who worked for any Defendant in California as an hourly-paid or non-exempt employee at any time during the period beginning four years and 178 days before the filing of the initial complaint in this action and ending when notice to the Class is sent." (Compl. ¶ 24).

8. For purposes of this Removal, National AVC has conservatively limited the putative class to the period of July 29, 2018 to the present, which is four year prior to the filing of the lawsuit, even though Plaintiff alleges a longer time period in the complaint.  From July 29, 2018 to the present, National AVC employed approximately 314 non-exempt employees in California, well in excess of the 100-employee threshold under CAFA.

## AMOUNT IN CONTROVERSY UNDER CAFA

9. Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement, which in CAFA actions is $5,000,000 in the aggregate.  *See, e.g.*, *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002).

10. This action involves Plaintiff's numerous alleged claims against National AVC for purported failure to: pay minimum and straight time wages, pay overtime wages, provide meal periods, provide rest periods, pay all wages due at the time of termination of employment, provide accurate itemized wage statements, indemnify employee expenditures, as well as unfair competition.  Plaintiff's prayer for relief seeks, among other things, an award of compensatory damages, liquidated damages, penalties, restitution to the class, prejudgment interest on all damages awarded, attorneys' fees and costs, and such other and

further relief as the Court deems equitable and appropriate. (*See* Compl., Prayer for Relief).

11. <u>Amount in Controversy</u>. National AVC denies Plaintiff's claims entirely. For purposes of removal, however, and without conceding that Plaintiff or the purported class members are entitled to or could recover damages in any amount, the amount in controversy in this putative class action, in the aggregate, is well in excess of $5,000,000, exclusive of interest and costs.

    a. <u>Variables</u>.

- From July 29, 2018 to the present, as applicable to Plaintiff's claims for minimum and straight time wages, overtime wages, meal and rest break claims, and unreimbursed business expenses claim, National AVC employed 314 non-exempt employees in California who worked a total of approximately 29,031 workweeks and approximately 119,607 shifts. These individuals' hourly rate of pay, on average, was $19.11.

- From July 29, 2019 to the present, as applicable to Plaintiff's waiting time penalties claim, 86 employees separated from employment with National AVC. These individuals' hourly rate of pay, on average, was $20.13.

- From July 29, 2021 to the present, as applicable to Plaintiff's wage statement claim, National AVC employed 278 non-exempt employees in California. These 278 non-exempt employees worked an aggregate total of approximately 6,764 pay periods from July 29, 2021 to the present.

13. <u>First Cause of Action (Labor Code Sections 1194 and 1194.2, and Wage Order)</u>: Plaintiff alleges that "Defendants maintained a ***policy and practice*** of not paying Plaintiff and the class for all hours worked, including minimum . . . [and] straight time . . . ." (Compl. ¶ 15) (emphasis added). "Defendants

knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked", thus entitling Plaintiff and the Class to minimum and straight time wages for all non-overtime hours worked for National AVC. (Compl. ¶¶ 33-40). Courts in the Southern District have held that, where a Plaintiff alleges a "policy and practice" resulting in unpaid wages, it is reasonable to assume two hours of unpaid wages per week for purposes of removal. See *Cavada v. Inter-Continental Hotel Groups, Inc.*, Case No. 19cv1675-GPC(BLM), 2019 WL 5677846, at *4-5 (S.D. Cal. Nov. 1, 2019) (finding an assumption of two hours of unpaid overtime per week reasonable based on allegation of "uniform policy and practice."). Therefore, as Plaintiff does not specify that she claims any less, National AVC assumes, for purposes of removal only, that the amount-in-controversy on this claim consists of two of hours of unpaid straight-time wages per week for the putative class. Accordingly, the amount-in-controversy for unpaid straight time wages is $1,190,565 [29,031 workweeks x 2 hours x $19.11 average straight time rate of pay].

In addition, Plaintiff seeks liquidated damages in an amount equal to unpaid minimum wages. (Compl. ¶ 38.) For purposes of liquidated damages, National AVC conservatively reduces the above amount based on a $13 minimum wage rate, which results in an amount-in-controversy for liquidated damages in the amount of $754,806 [29,031 workweeks x 2 hours x $13 average minimum wage[1]].

14. Second Cause of Action (Labor Code Sections 510, 1194, 1198): Plaintiff alleges that "Defendants maintained a ***policy and practice*** of not paying Plaintiff and the Class for all hours worked, including . . . overtime wages."

---

[1] As of January 1, 2018, California's minimum wage was $11.00 per hour. It increased to $12 per hour on January 1, 2019, to $13 per hour on January 1, 2020, to $14 per hour on January 1, 2021, and to $15 per hour on January 1, 2022. During the relevant time period, the weighted minimum wage is approximately $13.00 per hour. For these purposes, National AVC uses this average minimum wage of $13 per hour across the relevant time period.

(Compl. ¶ 15) (emphasis added).  Plaintiff alleges that "Plaintiff and the Class have worked more than eight hours in a workday and/or more than forty (40) hours in a workweek, as employees of Defendants", and that "Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they worked in excess of the maximum hours permissible by law . . . ."  (Compl. ¶¶ 41-48).

As to the overtime wages sought, Plaintiff's Complaint does not specify which or how many employees she claims suffered a violation.  However, given Plaintiff's "policy and practice" allegation as to this claim, and as the court in *Cavada* recognized, National AVC conservatively estimates for purposes of removal that the putative class is owed two hour of unpaid overtime per workweek.  Therefore, the amount-in-controversy for the overtime claim is $1,664,347 (29,031 workweeks x 2 hours x $19.11 average rate of pay x 1.5 overtime premium].  This estimate is also conservative in that it assumes that no putative class members are due any double-time premiums (calculated at a 2.0 premium instead of a 1.5 premium).

14.  <u>Third Cause of Action (Labor Code Sections 226.7 and 512, and Wage Order)</u>:  Plaintiff alleges that she and the putative class members were "regularly, but not always, required . . . to work in excess of five consecutive hours a day without providing a 30-minute, uninterrupted, and duty-free meal period for every five hours of work, or without compensating Plaintiff and the Class for meal periods that were not provided by the end of the fifth hour of work or tenth hour of work."  (Compl. ¶ 16).  Plaintiff continues by claiming that "Defendants' ***policy and practice*** was not to provide meal periods to Plaintiff and the Class in compliance with California law."  (Compl. ¶ 16) (emphasis added).  And that "Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday he or she was not provided with all required meal period(s), plus interest thereon."  (Compl. ¶ 53).

As to the meal break claim, the Complaint does not specify an amount-in-controversy, but Plaintiff claims that National AVC's "policy and practice was not to provide meal periods to Plaintiff and the Class in compliance with California law." (Compl. ¶ 16).  For purposes of removal, courts in the Southern District has permitted assumed violation rates in excess of 50% for meal break claims when plaintiffs allege that defendant had a "policy and practice" of meal break violations, as Plaintiff does here.  See *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151 (S.D. Cal. 2018) (finding a 60% violation rate for the meal period claim where plaintiff alleged that the defendant had a "policy and practice" of meal and rest period violations); *Cavada*, *supra*, 2019 WL 5677846, at *4 (noting that "violations rates of 25-60% based on 'pattern and practice' and 'policy and practice are reasonable" for meal break claims).  Here, National AVC takes the conservative approach by assessing the amount-in-controversy based on a 40% violation rate (two out of every five shifts worked).  Therefore, the amount-in-controversy is $914,275.91 [119,607 shifts x 40% x $19.11 meal period premium due].

15. <u>Fourth Cause of Action (Labor Code Sections 226.7 and 512, and Wage Order):</u>  Plaintiff alleges that she and the putative class members were "***regularly required*** . . . to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), . . ." (Compl. ¶ 17) (emphasis added).  Plaintiff additionally claims that "Defendants ***policy and practice*** was to not authorize and permit Plaintiff and the Class to take rest periods in compliance with California law." (Compl. ¶ 17) (emphasis added).

As with the meal break claim, National AVC conservatively estimates a 40% violation rate based on the allegations of Plaintiffs' Complaint, as recognized

by the Southern District.  Therefore, the amount-in-controversy is $914,275.91 [119,607 shifts x 40% x $19.11 meal period premium due].

16. <u>Fifth Cause of Action (Labor Code Sections 201-203)</u>.  Plaintiff alleges that National AVC "failed, and continue to fail to pay terminated Class Members, without abatement, all wages required to be paid by California Labor Code  wages required to be paid by California Labor Code §§ 201 and 202 at the time of discharge, or within seven-two (72) hours of their leaving Defendants' employment."  (Compl. ¶ 60).  Plaintiff further alleges that "Defendants' failure to timely pay Plaintiff's final wages when her employment terminated was not a single, isolated incident, but was instead *consistent with Defendants' policy and practice that applied to Plaintiff and the class*."  (Compl. ¶ 18) (emphasis added).  Plaintiff thus claims that she and the putative class are entitled to waiting time penalties at their regularly hourly rate of pay, up to thirty days maximum pursuant to California Labor Code § 203.  (Compl. ¶ 63).  Courts in the Southern District have found a 100% violation rate reasonable when the waiting time penalties are based on missed meal and missed rest breaks, as they are here.  *See Cavada*, *supra*, 2019 WL 5677846, at *8-9.

Labor Code § 203 provides that a former employee shall receive regular daily wages for each day they were not paid, at their hourly rate, for up to thirty days.  During the period of July 29, 2019 to the present, 86 non-exempt employees in California separated from employment with National AVC.  Using the average hourly rate of pay of $20.13 for these individuals, the amount in controversy for this claim is $415,483 (86 former employees x 8 hours x $20.13 x 30 days).

17. <u>Sixth Cause of Action (Labor Code Section 226)</u>.  Plaintiff alleges that National AVC "intentionally and willfully failed to provide employees with complete and accurate wage statements."  (Compl. ¶ 67).  Plaintiff alleges that the wage statement deficiencies include "the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true 'total hours

1 worked by the employee,' the failure to include the applicable overtime rate, and
2 the failure to list the true net wages earned." (Compl. ¶ 67.)  Courts have found a
3 100% violation rate on wage statement claims reasonable when it is based on
4 missed meal and rest period claims.  *See Cavada*, *supra*, 2019 WL 5677846, at *8;
5 *Nunes v. Home Depot U.S.A., Inc.*, 2019 WL 4316903, at *3 (E.D. Cal. Sept. 12,
6 2019) (finding a 100% violation rate reasonable based on reasonable assumption
7 that class members suffered at least one violation of meal or rest break violations).

8      California Labor Code § 226(e)(1) sets forth a statutory maximum of $4,000
9 per employee for the wage statement claim that Plaintiff alleges here.  California
10 courts have recognized that, where a statutory maximum is specified, "courts may
11 consider the maximum statutory penalty available in determining whether the
12 jurisdictional amount in controversy requirement is met." *Korn v. Polo Ralph*
13 *Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Gonzales v.*
14 *Comenity Capital Bank*, 2019 WL 5304924 at *5 (E.D. Cal. Oct. 21, 2019).[2]  Here,
15 during the putative class period of July 29, 2021 to the present, applicable to
16 Plaintiff's wage statement claim, National AVC employed 278 non-exempt
17 employees in California.  Applying the maximum statutory penalty of $4,000 for
18 the 278 employees results in an amount-in-controversy of $1,112,000 [$4,000 x
19 278 employees].

20      18.   Seventh Cause of Action (Labor Code Section 2802).  Plaintiff alleges
21 that "Defendants have wrongfully required plaintiff and the Class to pay expenses
22 that they incurred in direct discharge of their duties for Defendants.  Plaintiff and
23 the Class regularly paid out-of-pocket for necessary expenses, without limitation,
24 use of personal cell phones and personal vehicles." (Compl. ¶ 20).  Plaintiff

---

[2] The court in *Gonzalez* also noted that "the use of maximum penalties in amount-in-controversy calculations comports with—and is, indeed, compelled by—the findings in recent Ninth Circuit decisions relating to the amount-in-controversy calculations, including *Arias*, where the Ninth Circuit found that the 'the amount in controversy reflects the maximum recovery [a] plaintiff could reasonably recover on a complaint . . . .") (internal citations omitted). *Id.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

further alleges that "Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages." (Compl. ¶ 76).

During the putative class period of July 29, 2018 to the present, applicable to the failure to provide necessary business expenses, National AVC employed 314 employees in California who worked a total of 29,031 workweeks. Plaintiff does not specify how many employees or how much unpaid business expenses are claimed. Therefore, for purposes of removal, National AVC conservatively estimates that each employee had $5 of unpaid business expenses per workweek. Therefore, the amount-in-controversy for this claim is $145,155 [29,031 workweeks x $5].

18. <u>Eighth Cause of Action (Business and Professions Code Section 17200 *et seq.*)</u>: This claim for unfair competition is derivative of Plaintiff's above claims and does not provide for additional amount-in-controversy.

19. <u>Attorneys' Fees.</u> When the underlying substantive law provides for an award of attorneys' fees, a party may include that amount, including prospective attorneys' fees, in their calculation of the amount-in-controversy. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute … provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy."). Plaintiff seeks attorneys' fees for the various Labor Code violations alleged in the Complaint, as detailed above. (*See, e.g.,* Compl. ¶¶ 40, 48, and 64). National AVC has already established that the $5 million CAFA threshold is satisfied; however, should there be any doubt that the amount-in-controversy exceeds $5 million, Plaintiff's request for attorneys' fees should be included in analyzing the amount-in-controversy. Such fees often exceed $500,000 in class action cases.

20. <u>Total Amount in Controversy.</u> Based on the claims described above, the class-wide amount in controversy, even exclusive of attorneys' fees, is

conservatively estimated to be at least **$7.1 million**, which is well in excess of $5,000,000. The total is summarized as follows:

| Claim | Amount in Controversy |
|---|---|
| Failure to Pay Minimum and Straight Time Wages (Including Liquidated Damages) | **$1,945,371** |
| Failure to Pay Overtime Wages | **$1,664,347** |
| Failure to Provide Meal Periods | **$914,275** |
| Failure to Provide Rest Periods | **$914,275** |
| Failure to Timely Pay Wages at Termination | **$415,483** |
| Failure to Provide Accurate Itemized Wage Statements | **$1,112,000** |
| Failure to Indemnify Employees for Expenditures | **$145,155** |
| **TOTAL** | **$7,110,906** |

## NOTICE TO PLAINTIFF AND STATE COURT

21.  As required by 28 U.S.C. § 1446(d), National AVC is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of San Diego.

Dated: September 13, 2022

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Vartan S. Madoyan*
　　MARGARET ROSENTHAL
　　VARTAN S. MADOYAN
　　MATTHEW J. GOODMAN

*Attorneys for Defendant*
NATIONAL AVC, LLC DBA THRIVE PET HEALTHCARE

*Email:* mrosenthal@bakerlaw.com
　　　　vmadoyan@bakerlaw.com
　　　　mgoodman@bakerlaw.com

# **PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, California 90025-7120. On September 13, 2022, I served a copy of the within document(s):

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☑ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Golden State Overnight**, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery on the next business day.

☐ by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below. Proof of service to be filed after completion of service.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Justin F. Marquez<br>Benjamin H. Haber<br>Arrash T. Fattahi<br>**WILSHIRE LAW FIRM**<br>3055 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90010<br>Tel.: 213.381.9988<br>Fax: 213.381.9989<br>*justin@wilshirelawfirm.com*<br>*benjamin@wilshirelawfirm.com*<br>*afattahi@wilshirelawfirm.com* | *Attorneys for Plaintiff*<br>CHELSEA OLSON |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on September 13, 2022, at Los Angeles, California.

                                                */s/ Hien Tran*
                                                Hien Tran

4880-4981-3041

Baker & Hostetler LLP
Attorneys at Law
Los Angeles